## MACBETH et al. *v.* GILLINDER et al.

### (Circuit Court, E. D. Pennsylvania. November 17, 1891.)

### No. 6.

1. DESIGNED PATENTS—INFRINGEMENT.

   In determining whether a design patent is infringed, the test is whether the alleged infringing article presents to the eye of an ordinary purchaser the same appearance as the patented article.

2. SAME—DESIGNS FOR LAMP CHIMNEYS.

   Letters patent No. 14,373, issued October 30, 1883, to George A. Macbeth, for a design for lamp chimneys, consisting of a so-called "pearl top," are infringed by one who manufactures or sells a lamp chimney presenting the same appearance to the eye of an ordinary purchaser; and it is immaterial whether such appearance was caused intentionally, or by the worn condition of the tools by which they are made, as claimed by defendants.

In Equity. Bill by Macbeth and others against Gillinder and others, constituting the firm of Gillinder & Sons, for infringement of letters patent No. 14,373, granted October 30, 1883, to George A. Macbeth, as assignee of Henry Dietrichs, for designs for lamp chimneys. The patent was heretofore sustained, and an injunction granted. 54 Fed. Rep. 169. The cause is now heard on motion for an attachment for violating the injunction. Referred to a master to ascertain the facts.

James I. Kay, Francis T. Chambers, and George H. Christy, for plaintiffs.

George Harding and George J. Harding, for defendants.

BUTLER, District Judge. Have the respondents disregarded the injunction? The decree of the court limited the patent to chimney tops with circular or flared mouth, "having a beading, or similar ornamentation, raised above," so as to present a pearl-like appearance — which the complainants call a "pearl top." The reasons for this limitation are stated in the opinion filed. The only feature of the case, as then presented, which called for extended remark, was that arising from the complainants' effort to extend the patent so as to cover the respondents' "prism top." The validity of the patent, and its infringement by the manufacture or sale of the "small pearl top," before the court, had been settled in a former suit. We had no occasion, therefore, to remark upon

the distinguishing features of the "pearl top." They are however plainly stated in the specification and claims of the patent, from which the following is quoted:

"The object of my design is to form an ornamentation for the top of the chimney; and it consists, essentially, in a lamp chimney having a circular edge and a beading or similar ornamentation raised above the said edge. The chimney, a, is blown to shape and finished by suitable tools, and has the mouth, b, which is flared, and the circular edge, c, to give it a neat appearance. Raised above the circular edge, c, is the beading ornamentation, d. This beading consists of a series of globular beads around the edge of the chimney, this globular beading giving a fine finish to the top of the chimney to be substantially the same height around its entire edge. The beading is raised or extends up above the edge of the chimney, leaving the edge solid below the bead. The top of the chimney thus presents to the eye the regular flared circular top of the ordinary plain chimney and a finish of beading or like ornamentation around this top, thus combining the effect of the circular plain finished chimney with the fancifully finished top. What I claim, and desire to secure by letters patent is: (1) The design for lamp-chimney tops herein shown and described, consisting in a circular top or edge and a beading or similar ornamentation raised above said edge. (2) The design for lamp-chimney tops herein shown and described, consisting in a flared mouth having a circular top or edge and a beading or similar ornamentation raised above said edge."

The figures accompanying the patent illustrate the meaning of this language; and show the "raised beaded edge," and pearl-like appearance, very clearly. The question may now be repeated: Has the injunction been disregarded? Among the tops purchased by the complainants directly from Gillinder & Sons, as well as among those purchased from others, bearing the firm's trademark, are several which seem, virtually, indistinguishable from the complainants' "pearl top." To the eye of an ordinary purchaser they would present the same appearance; and this is the recognized test in such cases. Whether the resemblance arises from design, or from the worn condition of the respondents' tools,—as they allege,—can make no difference as respects liability for the injury resulting to complainants therefrom. If it arises from the latter cause it must be ascribed to negligence. In view of the respondents' affidavits it would be unsafe to ascribe it to design, and hold them liable for intentional disregard of the writ. But a small percentage of the chimneys exhibited infringe. Many of them show prisms extending more or less above the edge, showing an uneven surface. This unevenness, alone, is not, however, important. The crimping must be such as to present the *beaded, pearl-like* top, before described.

The case will be referred to Joseph C. Fraley, Esq., as master, to take proof and report the extent of infringement since decree, and the injury sustained therefrom; and also to ascertain and report the costs to which complainants have been, and will yet be, subjected by this proceeding. In making the inquiry care must be observed to avoid the danger of extending the respondents' liability beyond the limit before stated. The line between what is, and is not, an infringement is, necessarily, dim, and the complainants' rights must be confined to what is clearly within the scope of their patent.

Frederick R. Gillinder makes affidavit that he severed his connection with the firm in 1888, before final decree, and that he has not been connected with the manufacture or sale of chimneys since that date. The master will inquire and report upon this, and will ascertain whether Frederick R. Gillinder is responsible for the manufacture or sale of the infringing chimneys here involved.

The objection to the motion founded on the failure to serve an injunction subsequently to the decree is, under the circumstances, without substance.